Chief Justice Robertson
delivered the Opinion of the Court.
This is a qui tam action by the loser, for his own benefit and that of Rockcastle county, against the person who took possession of, and used, property lost on a horse race; and the question to be considered by this Court, is whether the Circuit Judge erred in directing the jury to find for the defendant.
As the statute of 1833, (1 Stat. Law. 758,) giving to the loser of money or property on “ any game, hazard or sport," a right to sue for and recover it back, in his own name and for his own use alone, at any time within five years after the losing, and an exclusive right to do so within the' first six months thereafter, and giving also a concurrent right to any other person after the expiration of six months—did not abolish the right to bring a qui tam suit, according to the act of 1799, (1 Stat. Law, 754,) but has, in that respect, only had the- effect of giving cumulative rights and remedies, according to the express language of the twenty-third section of the former act: therefore, the non-suit could not be sustained on the ground merely that the action is qui tam; nor can it be sustained on the ground that the suit was brought within six months after the race, because the loser, who alone could object, has thus sued.
Nor is there any defect of proof as to the betting, or as to the possession by the defendant (after the race) of a horse bet and lost upon it, and claimed and used by him, as one of the winners.
But there is, we think, a fatal chasm in the evidence on another and material point. According to our construction of the statute of 1799, ho other County than that in which the thing lost was staked, has a right to an interest therein, on the ground of the statutory for *461 feiture; and there being no evidence whatsoever, tending to show where the race was run, or the property staked and lost, the plaintiff failed, of course, to prove that he had any right to sue for Rockcastle county. And though he might have sued in his own name, and for his own use alone, yet having elected to sue for himself and Rockcastle county, a judgment could not have been properly rendered in his favor exclusively, but should have conformed to the declaration; and therefore, as there was no evidence which could have sustained a verdict and judgment for the benefit of Rockcastle county, the non-suit must be approved, and the judgment therefore affirmed.